Opinión disidente emitida por el
Juez Asociado Señor Fuster Berlingeri.
Reiteradamente hemos resuelto que los foros apelativos no deben usurpar las funciones de adjudicación del Tribunal de Primera Instancia. Hemos insistido una y otra vez en que la apreciación de la prueba corresponde al foro ante el cual ésta desfiló, y que el foro apelativo no intervendrá con las determinaciones de hechos y la adjudicación de credibilidad del tribunal de instancia a menos que se demuestre que éste abusó de su discreción y actuó con prejuicio o parcialidad. Colón v. Lotería, 167 D.P.R. 625 (2006); Rodríguez v. Urban Brands, 167 D.P.R. 509 (2006); Argüello v. Argüello, 155 D.P.R. 62 (2001); Trinidad v. Chade, 153 D.P.R. 280 (2001); Pueblo v. Bonilla Romero, 120 D.P.R. 92 (1987); Lluch v. España Service Sta., 117 D.P.R. 729 (1986); Morán Simó v. Gracia Cristóbal, 106 D.P.R. 155 (1977).
En el caso de autos no hay indicio alguno de que hubo abuso de discreción, prejuicio o parcialidad de parte del tribunal de instancia. Así lo resolvió expresamente el Tribunal de Apelaciones, que confirmó íntegramente el dicta-men del foro de instancia.
A pesar de lo anterior, una mayoría de este Tribunal estima que el foro que recibió la prueba y que adjudicó los hechos erró al distribuir la responsabilidad en su dictamen de negligencia comparada, por lo que esta mayoría altera e invierte en su propia sentencia los por cientos de responsabilidad adjudicados por el foro de instancia. La mayoría de este Tribunal actúa así sin resolver expresamente antes *124 que hubo prejuicio o parcialidad de parte del foro de instancia o que éste abusó de su discreción. Se limita la mayoría a decir que el foro de instancia “erró”, pero tal criterio no cumple de ningún modo con la normativa citada antes sobre cuándo puede un foro apelativo sustituir su criterio por el del juzgador de los hechos que tuvo contacto directo con la prueba. El criterio de que el foro de instancia meramente “erró” no implica que hubo prejuicio o parcialidad ni que abusó de su discreción. Así pues, la sentencia de la mayoría de este Tribunal en el caso de autos es improcedente, por no ajustarse a la bien conocida norma que rige la función apelativa.
En mi criterio, la sentencia de la mayoría del Tribunal en este caso es improcedente y errada por una segunda razón. En el caso de autos, el accidente sufrido por la señora demandante se debió mayormente a la negligencia de Wal-Mart de Puerto Rico, al colocar las paletas de madera como lo hizo. Dichas paletas estaban tan mal colocadas que una persona como la demandante no tenía espacio adecuado para poder acceder y tomar los muy pesados sacos de alimento que le interesaba comprar. Resolver, como lo hace la mayoría del Tribunal, que la cliente conocía la dificultad de acceso de dichos sacos, y que por eso su negligencia fue la que determinó mayormente el accidente, es un juicio insólito y desacertado. Significa que una cliente que va a una tienda tiene que ajustarse obligadamente a las condiciones peligrosas a que los dueños de la tienda someten al cliente. Como tal criterio es insostenible, no puede haber duda alguna de que la causa predominante del accidente en cuestión fue la negligencia de Wal-Mart de Puerto Rico, como correctamente lo determinaron el foro de instancia y el foro apelativo, conforme a nuestra jurisprudencia. Quiñones López v. Manzano Pozas, 141 D.P.R. 139 (1996); Molina, Caro v. Dávila, 121 D.P.R. 362 (1988). Aplica claramente aquí lo que es la norma rectora en situaciones como *125 la de autos, la cual formulamos con meridiana claridad en Cotto v. C.M. Ins. Co., 116 D.P.R. 644, 650 (1985):
No hay duda de que una persona o empresa que opera un establecimiento abierto al público con el objeto de llevar a cabo operaciones comerciales para su propio beneficio debe hacer lo posible por mantener dicho establecimiento en condiciones tales de seguridad que los clientes que patrocinan el mismo no sufran ningún daño; en otras palabras, corresponde al dueño de un negocio o al propietario del mismo mantener el área a la que tienen acceso sus clientes como un sitio seguro.
Como la mayoría del Tribunal abandona ahora en el caso de autos unas normas y principios bien establecidos en nuestro ordenamiento jurídico, para favorecer a unos poderosos intereses comerciales por encima del consumidor común y corriente, yo disiento vehementemente.